Page-1
ead

TO: CHIEF JUDGE          (PRO-se)
FR: WILLIAM K. GLOVER, US v GLOVER, NDWV-1:22-CR-00066,
RE: OBJECTION AND APPEAL TO THE ENTIRE PANEL OF JUDGE'S,
DATE: 11-15-23

PLEASE BE INFORMED THAT THE 4TH CIR COURT OF APPEALS ERRORED
IN NOT HEARING MY WRIT OF PROHIBITION. LOOK TO THE EXHIBITS CONCERN-
ING THE FEDERAL COURT RULES. AS YOU CAN CLEARLY SEE, THE WRIT OF
PROHIBITION IS PROPER!

THE 4TH CIR HAS DONE THE SAME BEHAVIOR AS THE NORTHERN
DISTRICT COURT OF WV, BY FAILURE TO REMEDY THEIR OWN FEDERAL
RULES AND PROCEDURES. (SEE 3161, PART-C, SECTION-1, TIME LIMITS
AND EXCLUSIONS)

I WILL NOT GO AWAY! I'VE BEEN SENT TO PRISON FOR NEARLY
(2) YEARS WITHOUT A TRIAL AND GUILTY FINDING AS MY WRIT PROVES
BEYOND ANY DOUBT. THE US DISTRICT COURT IS WITHOUT "ALL" JUR-
ISDICTION TO TRY THIS CASE. THIS CASE IS BEING TREATED AS IF
I WAS INCARCERATED IN A 3RD WORLD COUNTRY. WHERE IS THE
LAW AND DUE PROCESS?

THE U.S. DISTRICT COURT REFUSES TO PRODUCE DOCUMENTATION
OF EVIDENCE SHOWING THAT THE COURT IS CLAIMIFIED BY CONGRESS
AS ORDAINED AND ESTABLISHED UNDER ARTICLE-3 AND THAT
THE FEDERAL GOVERNMENT OWNS THE PLACE, PARCEL OF LAND
WHERE THE ALLEGED CRIME OCCURRED, PROVIDING DOCUMENTATION
OF THE LAND BEING CEDED, CESSION, ACCEPTANCE OF JURIS-
DICTION AND A TITLE OF OWNERSHIP/DEED AS IS REQUIRED
BY CONSTITUTIONAL LAW ARTICLE-1, 8, CL17 AND THE
STATE CONSTITUTION OF WV.

RECEIVED

2023 NOV 20 P 3:39

U.S. COURT OF APPEALS
FOURTH CIRCUIT

Federal courts are courts of limited jurisdiction, and possess ONLY that power authorized by constitution and statute, which is not to be expanded by judicial decree. (See KOKKONEN V GUARDIAN LIFE INS, CO., 511 US 375, 377 (1994)

The U.S. shall guarantee to every state in the union, a republican form of government, and SHALL protect each of them against invasion. This includes against the federal government! (See Article-IV § 4 U.S. Constitution)

Jan. 27/24 will be (2) years since I've been inprisoned and not (1) legal document has been filed in my behalf, in defense of this case. The Federal Government, according to their own FRCP, 3161,(c)(1), had (70) days from Nov 2022 hearing to try this case. The (Fed Gov) has violated this FRCP numerous times.

The Federal Government MUST release me! The (Fed. Gov) MUST produce said evidence showing jurisdiction over subject-matter and, the place of alleged crimes and that they did not violate their own FRCP, 3161, or release me without further delay and from the unconstitutional confines.

To what good is any or all courts and the federal government, if they don't obey their own rules, procedures and laws and lead by example!

William K Glover Pro-se
SIGNATURE

# FEDERAL COURT RULES

---

Changes to court rules received by the publisher on or before February 21, 2023

---

**Table of Contents**

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Writ of prohibition is proper means of preventing District Court judge from exercising jurisdiction, especially where remedy by appeal is inadequate. Connelly v. United States Dist. Court, 191 F.2d 692 (9th Cir. 1951).

---

**CONNELLY v. UNITED STATES DIST. COURT IN AND FOR THE SOUTHERN DIST. OF CALIFORNIA, CENTRAL DIVISION et al.**
**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
**191 F.2d 692; 1951 U.S. App. LEXIS 2600**
**No. 13053**
**August 24, 1951**

---

**Counsel**         {1951 U.S. App. LEXIS 1} Ben Margolis and Daniel G. Marshall, Los Angeles, Cal., for petitioner.

Ernest A. Tolin, U.S. Atty. Alexander Macdonald and Jackson W. Chance, all of Los Angeles, Cal., for respondents.

A. L. Wirin, Los Angeles, Cal., amicus curiae, for American Civil Liberties Union.

**Judges:** Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant petitioned for a writ of prohibition to prevent respondent judge, who had made disparaging remarks to defense counsel concerning the representation of communists, from acting on defendant's motion for release on bail pending the trial in the district court pursuant to 28 U.S.C.S. § 144.A writ of prohibition was issued against a judge because disparaging remarks to defense counsel concerning the representation of communists showed personal prejudice and gave the appearance of unfairness toward an accused communist conspirator.

**OVERVIEW:** Defendant, accused of being part of a communist conspiracy, filed an affidavit pursuant to 28 U.S.C.S. § 144 for the recusal of respondent judge based on informal remarks made to defense counsel that chastised counsel for representing communists. On consideration of a petition for a writ of prohibition, the court held that the remedy of an appeal was inadequate if respondent had a duty to recuse himself. The court held that defendant had a constitutional right to effective representation and that the legal community had a duty to represent unpopular causes. The court found that the facts alleged in the affidavit were admitted by respondent and that the remarks to counsel as well as public remarks elsewhere demonstrated "personal" prejudice within the meaning of the statute. The court noted that even if respondent was able to put aside any bias or predetermination of facts, an appearance of unfairness remained, which violated defendant's right to have a trial in an atmosphere of fairness and impartiality. The court issued a writ that prohibited respondent from participating in any proceedings related to the pending indictment.

**OUTCOME:** The court granted defendant's petition for a permanent writ of prohibition that ordered respondent judge to take no action regarding bail or in connection with his prosecution under an indictment that involved an alleged communist conspiracy because respondent's remarks demonstrated a personal prejudice, and defendant was entitled to a trial free from both actual and perceived prejudice.

## LexisNexis Headnotes

*Civil Procedure > Remedies > Writs > General Overview*

C09CASES                                        1

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



EXHIBIT-0!
5

**(c) (1)** In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate [United States magistrate judge] on a complaint, the trial shall commence within seventy days from the date of such consent.

**(2)** Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

**(d) (1)** If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

**(2)** If the defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal, the trial shall commence within seventy days from the date the action occasioning the trial becomes final, except that the court retrying the case may extend the period for trial not to exceed one hundred and eighty days from the date the action occasioning the trial becomes final if the unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) [18 USCS 3161(h)] are excluded in computing the time limitations specified in this section. The sanctions of section 3162 [18 USCS 3162] apply to this subsection.

**(e)** If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) [18 USCS 3161(h)] are excluded in computing the time limitations specified in this section. The sanctions of section 3162 [18 USCS 3162] apply to this subsection.

**(f)** Notwithstanding the provisions of subsection (b) of this section, for the first twelve-calendar-month period following the effective date of this section as set forth in section 3163(a) of this chapter [18 USCS 3163] [,] the time limit imposed with respect to the period between arrest and indictment by subsection (b) of this section shall be sixty days, for the second such



ville, WV 26273

ZIP 26273 $ 007.75⁰
02 4W
0000378831 SEP. 13. 2023

(Refused)

POSTAGE
DUE $1.80

2 copies

9-15-23

2

(CARE OF Judge KLeeH)

TO: CLERK,

U.S. NORTHERN DISTRICT COURT,

P.O. BOX 471, WHEELING WN 26003-0060

NIXIE        152    4C 1            0209/27/23
        RETURN TO SENDER
             REFUSED
        UNABLE TO FORWARD

BC: 26273                  2099N270170-08965

USCA4 Appeal: 23-2274    Doc: 2-1    Filed:

William K. Glover
P.O. Box 1, RT. 250 South
Huttonsville, WV 26273

CHARLESTON WV 25~

15 NOV 2023PM 2 L

US POSTAGE ᴵᴹ PITNEY BOWES

ZIP 26273
02 4W
0000378831 NOV 15 2023

$ 000.87⁰

c/o Chief Judge,
U.S. Court of Appeals,
For The Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA. 23219-3517

RECEIVED
U.S. MARSHALS

RECEIVED
U.S. MARSHALS

23219-353826